**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Mark Bellamy, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:04-22683-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On October 20, 2004, the petitioner commenced this pro se action attacking his guilty plea and sentence by filing a handwritten petition. Although the petitioner did not use the habeas corpus form required in federal court pursuant to 28 U.S.C. § 2255, his petition could be construed as a federal habeas corpus petition pursuant to 28 U.S.C. §2255.

On April 28, 2005, the government filed its response. On May 2, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must adequately respond within 34 days of the date of the order. On May 19, 2005, the petitioner responded to the government's motion. This matter is now before the Court for disposition.

On December 5, 2000, a grand jury returned a one count indictment charging the petitioner and other individuals with conspiracy "to distribute and to possess with intent to distribute, 50 grams or more of cocaine base, commonly known as crack cocaine, and 5 kilograms or more of cocaine" in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The petitioner pled guilty on July 10, 2003. On March 3, 2004, the Court sentenced the petitioner to life in

prison followed by 10 years of supervised release.

On March 8, 2004, the petitioner appealed his sentence to the Fourth Circuit. This appeal is still pending. "Absent extraordinary circumstances, courts traditionally decline to address § 2255 motions on the merits during the pendency of a direct appeal." United States v. Barnes, 70 F.3d 113, 1 (4th Cir. 1995) (unpublished), citing Bowen v. Johnston, 306 U.S. 19, 26-27 (1939). Such extraordinary circumstances include: "the absence of jurisdiction . . . on the face of the record[,] the [insufficiency] of the indictment or validity of the statute on which the charge is based[, or] a conflict between the state and federal authorities on a question of law involving concerns of large importance affecting their respective jurisdictions." Bowen v. Johnston, 306 U.S. at 26-27; see also In re Lincoln, 202 U.S. 178, 182-83 (1906).

The petitioner claims that the court is without jurisdiction. The United States Federal District Courts have original and exclusive jurisdiction over all offenses against the laws of the United States. 18 U.S.C. §3231. The petitioner's prosecution and conviction rests upon 21 U.S.C. §§ 841(b)(1)(A) and 846. Therefore, the petitioner's claim of lack of jurisdiction does not stand, and the petitioner fails to present extraordinary circumstances warranting deviation from this general rule.

The Court therefore grants the government's motion and dismisses this petition without prejudice.

**AND IT IS SO ORDERED.**

_C. Weston Houck_
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

October 17 , 2005
Charleston, South Carolina